IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LADACIA PORTER, #89426                    *

    Plaintiff,                             *

        v.                             *          2:09-CV-403-WHA
                                                      (WO)

COI LONGMIRE,                             *

    Defendant.                             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated at the Montgomery County Detention Facility located in Montgomery, Alabama.  He files this 42 U.S.C. § 1983 action for damages and requests trial by jury alleging that Defendant violated his constitutional rights by subjecting him to unwarranted disciplinary action which resulted in a loss of privileges and placement in isolation.  Plaintiff names as the defendant Correctional Officer Longmire.

Upon review of the complaint, the court concludes that dismissal of this case  prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I.  DISCUSSION**

On November 5, 2008 Plaintiff was booked into the Montgomery County Detention Facility on a charge of felony murder.[1]  With regard to the matter before the court, the facts reflect that on April 10, 2009 Defendant Longmire observed  an altercation between inmates

_____

[1]*Available at http://www.montgomerysheriff.com/inmateinfo.*

Henry Jarrett and Morris Moore.  After prison personnel restored order to the cell block where the incident occurred, jail officials questioned inmates Moore and Jarrett about the fight.  Inmate Moore maintained that Plaintiff had grabbed him from behind while inmate Jarrett swung at him and also mentioned that Plaintiff and inmate Jarrett were related.  When the officers finished questioning the inmates about the incident, they relocated Plaintiff to isolation. Defendant Longmire requested that Plaintiff be charged with  disciplinary infractions for violating institution rules against fighting, violating rules and regulations, assault and battery on an  inmate and/or personnel, and acting in a way that disrupts or interferes with the security or orderly running of the detention facility.  Plaintiff received a hearing on the disciplinary charges on April 14, 2009.  Based on the testimony of Plaintiff and Officer Longmire, the hearing officer determined that Plaintiff was guilty of three of the four disciplinary charges and sanctioned him to a loss of commissary, visitation, recreation, and library privileges, and fifteen day in isolation.[2]  Plaintiff appealed the hearing officer's decision and on April 21, 2009.  Following an investigation of Plaintiff's appeal, prison personnel concluded that Plaintiff's involvement in the April 10 incident was limited to his attempt at preventing the fight between inmates Moore and Jarrett.  Jail personnel therefore, rescinded Plaintiff's disciplinary sentence and removed him from isolation.  (*Doc. No. 1,*

---

[2]The court notes that the disciplinary hearing officer's April 15, 2009 report indicates that Plaintiff would be placed in isolation when a cell became available. (*Doc. No. 1 at Exh. G*.)  The incident report from April 10, 2009 reflects that Plaintiff was relocated to isolation at the time the incident occurred. (*Id. at Exh. E, F.*)   The April 21, 2009 decision of the appeal officer indicated that Plaintiff would be removed from isolation.  (*Id. at Exh. A.*)   Thus, it is not entirely clear how much time, if any, Plaintiff actually spent in isolation.  Resolution of such matter, however, is not necessary to disposition of this case.

*Exhs. A-G*.)

Plaintiff files the instant complaint alleging that  Defendant Longmire improperly subjected him to unwarranted disciplinary action which resulted in his confinement to isolation. Plaintiff maintains that his involvement in the April 10 incident stemmed solely from his efforts at trying to prevent an altercation between inmates Jarrett and Moore who were arguing over an apple, and therefore, the actions of Defendant Longmire in issuing unfounded disciplinaries and causing his placement in isolation  constituted punishment in violation of his due process rights.  (*Doc. No. 1 at pg. 3*.)

Initially, the court notes that Plaintiff's contention that he was falsely charged with institutional misconduct does not state a violation of his constitutional rights. The filing of a false or unfounded misconduct charge against an inmate does not constitute a deprivation of a constitutional right. *See Freeman v. Rideout,* 808 F.2d 949 (2nd Cir. 1986); *Flanagan v. Shively,* 783 F. Supp. 922, 931-32 (M.D. Pa.), *aff'd,* 980 F.2d 722 (3rd Cir. 1992).  With regard to Plaintiff's contention that Defendant Longmire's actions constituted "punishment" in violation of his rights as a pre-trial detainee under the Due Process Clause of the Fifth Amendment,  *Bell v. Wolfish*, 411 U.S. 520, 560-61 (1979), or that he failed to receive a fair hearing in violation of his procedural due process rights.  *Hewitt v. Helms*, 459 U.S. 460, 476 (1983) ("an informal non-adversarial evidentiary review is sufficient . . . for the decision that an inmate represents a security threat"), the pleadings and documents before the court fail to support such allegations.

In *Bell,* 441 U.S. 520, the Court set forth the Constitutional framework for evaluating

3

the due process claims of pretrial detainees. The Court held that the Due Process Clause

prohibits the punishment of a pretrial detainee "prior to an adjudication of guilt in accordance

with due process of law." *Id.* at 535. The Court recognized that not every condition imposed

on a pretrial detainee amounts to impermissible punishment and determined the following:

> If a particular condition or restriction of pretrial detention is reasonably related
> to a legitimate government objective, it does not, without more, amount to
> "punishment." Conversely, if a restriction or condition is not reasonably
> related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly
> may infer that the purpose of the governmental action is punishment that may
> not constitutionally be inflicted upon detainees qua detainees.

*Id.* at 539. *See   Magluta v. Samples,* 375 F.3d 1269, 1273 (11th Cir.  2004); *McMillian v.*

*Johnson,* 88 F.3d 1554, 1564 (11th Cir. 1996). *See also Higgs v. Carver,* 286 F.3d 437, 438

(7th Cir. 2002) ("As long as the purpose was indeed a preventative rather than a punitive one,

he would not be entitled to notice and a hearing.").

Here, even assuming that Plaintiff's placement in isolation implicates a liberty

interest, he has not provided any evidence that his placement in isolation constituted

"punishment" in violation of his substantive due process rights nor that his procedural due

process rights were violated as a result of the actions about which he complains.  Rather, the

undisputed evidence before the court reflects  that jail personnel determined at the time of

the incident that Plaintiff's behavior posed a threat to the safety of other inmates, prison

personnel, and the institution itself and, therefore, directed that he be placed in isolation.

Plaintiff subsequently received a disciplinary hearing where it was determined that he was

guilty of three of the four disciplinaries with which he had been charged on April 10, 2009,

and the hearing officer sanctioned him to a loss of privileges and assignment to an isolation cell for two weeks.  That prison personnel subsequently determined that Plaintiff was not involved in the altercation between inmates Moore and Jarrett and thereby rescinded his sentence and removed him from isolation is not dispositive of any intent by Defendant Longmire to punish Plaintiff  in violation of his due process rights, and the facts before the court certainly do not compel any such conclusion.

The court finds that Plaintiff's temporary  detention in isolation resulted from legitimate security concerns based on Defendant Longmire's perception and understanding of events at the time they occurred. Moreover, Plaintiff has presented no evidence to demonstrate that the Defendant Longmire had a punitive intent in making his decision. The court, therefore, concludes that Plaintiff's complaint fails to state a claim on which relief may be granted and it is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that  Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before June 4, 2009**.  Any objections filed must specifically identify

5

the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of May, 2009.

            /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE